URBAN HAYDEN ET AL. *v.* A. G. CRUTCHFIELD'S EXR.

[Kentucky Law Reporter, Vol. 3—83.]

**Judgment After Notice.**

Persons in court assigning no valid reason why judgment should not be entered are not prejudiced by entering the judgment. The object of notice is to enable the party to show cause why the judgment should not be entered, but if the party is present in court, and suggests no ground against judgment being entered, the reason for notice ceases.

**Exemption of Crops.**

A tenant has no exemption as against his landlord as to tobacco raised, for the exemption extends only to such crop as would be suitable for the purpose of provisions.

APPEAL FROM DAVIESS CIRCUIT COURT.

June 25, 1881.

OPINION BY JUDGE HINES:

We do not perceive how appellants were prejudiced by the entry of the judgment one year after it had been announced. They were present in court, and assigned no valid reason why the judgment should not be entered, but they complain that it was error to enter the judgment without previous notice. The object of notice in such cases is to enable the party to show cause why the judgment should not be entered, but if the party is present in court and suggests no ground against the entering of the judgment the reason for notice ceases; besides, if it were a technical error, we would not disturb the judgment because the error does not appear to be prejudicial to appellants' substantial rights.

The only remaining question is, Can the landlord subject to the payment of rent a crop of tobacco grown upon the rented premises when there is not a sufficiency of provisions to support the widow and children one year, and when there is no other growing crops, nor other property or money to supply the deficiency? The statute [Gen. Stat. (1879), Ch. 38, Art. 13, § 6] provides that the landlord may subject to the payment of his rent any property not exempt from execution, and, further, that there shall be exempt from execution "a sufficiency of provisions, including breadstuffs and animal food, to sustain the family one year; and if there be not a sufficiency of provisions on hand for that purpose, so much of the live stock suitable for the

purpose, and of the growing crop, if any, as may be necessary to supply the deficiency."

It will be observed that this statute is unlike that in regard to descent and distribution. Gen. Stat. (1879), Ch. 31, § 11, provides that the sufficiency may be made up out of other property or money on hand, while the statute quoted makes no such provision. The growing crop, exempt from execution under the statute quoted, is only such crop as would be suitable for the purpose of provisions, as has been frequently held by this court.

Wherefore the judgment is *affirmed*.

*Owen & Ellis, for appellee.*

*Little & Slack, for appellants.*

[Cited, *Millay v. White,* 86 Ky. 170, 9 Ky. L. 462, 5 S. W. 429.]